IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CARROL D. ROBERSON                                                                    PLAINTIFF

v.                                                          Civil Action No.: 3:16-cv-00162-MPM-RP

McDONALD TRANSIT ASSOCIATES, INC.                                         DEFENDANT

**ORDER**

This cause comes before the Court on defendant McDonald Transit Associates, Inc.'s ("McDonald") *Objection and Motion to Appeal Magistrate Judge's Decision* [31]. Plaintiff Carrol D. Roberson ("Roberson") filed a response. The Court has reviewed the arguments made by the parties, along with relevant evidence and authorities, and is now prepared to rule.

The Oxford University Transit System ("OUT") operates multiple shuttle buses that travel throughout Oxford, Mississippi, providing transportation services to the public. Roberson, a student at the University of Mississippi, frequently rides the OUT buses. McDonald is under contract with the City of Oxford and the University of Mississippi to provide management and oversight of OUT. This action is based upon two separate events involving Roberson and the OUT system.

The first alleged incident occurred on July 30, 2013. Roberson alleges that while he was attempting to board an OUT bus, the bus driver—Calvin Hill ("Hill")—"slammed the bus doors against [him] seizing him between the doors and then quickly opened the doors causing [him] to fall upon the steps[.]" Roberson alleges that he "suffered spinal trauma, cuts, and bruises." Roberson states that prior to this incident, he had submitted several complaints to Ron Biggs— the Vice President of McDonald and Hill's supervisor—concerning traffic violations that Hill

1

had committed. On July 28, 2014, Roberson filed a *pro se* complaint in this Court against McDonald, alleging that it was liable for the negligence of Hill.

Despite the pendency of that suit, Roberson continued to utilize the OUT system and alleges that on March 26, 2015, he "was riding as a passenger aboard an OUT bus . . . when he was tripped and kicked several times by an intoxicated passenger who then got off the bus and ran away." Roberson avers that he again suffered spinal trauma, cuts, and bruises, and was required to undergo two spinal surgeries "as the result of the July 30, 2013 incident, combined with the March 26, 2015 incident[.]"

On June 2, 2016, Roberson filed a motion to voluntarily dismiss without prejudice his initial lawsuit pending in this Court. Senior Judge Biggers, the presiding judge in that case, granted Roberson's request, and his suit was dismissed without prejudice. Shortly thereafter, on July 20, 2016, Roberson filed the present action, in which he sets forth largely the same facts concerning the July 2013 incident but added allegations concerning the March 2015 incident. In his *pro se* complaint, he asserts that McDonald was grossly negligent as to both incidents and requests judgment in the amount of $200,000, together with interests and costs.[1]

On December 13, 2016, Roberson filed a motion to amend his complaint so that he could add Ron Biggs and Oxford Transit Management, Inc. ("OTM") as defendants. As stated by Roberson, Biggs served as a corporate executive for OTM, which is a subsidiary of McDonald and was directly responsible for oversight of OUT. Thus, Roberson now alleges that Biggs, OTM, and McDonald are vicariously liable for Hill's conduct. In addition to filing a motion to dismiss Roberson's complaint under Rule 12(b)(6), McDonald filed a response in opposition to Roberson's motion to amend. In its response, McDonald states that the addition of OTM and

---

[1] Because Roberson is a Mississippi citizen and McDonald is a Texas corporation with its principal place of business in Texas, diversity jurisdiction is proper in this Court.

Biggs would destroy diversity jurisdiction, as both OTM and Biggs, like McDonald, are Mississippi citizens.

On January 30, 2017, Magistrate Judge Percy issued an order requesting additional briefing from the parties, ordering them to address the issue of whether OTM and Biggs were indispensable parties at the time the complaint was filed. The parties complied, and Judge Percy issued an order granting the motion to amend on February 14, 2017. In his order, Judge Percy, relying largely upon the United States Supreme Court's decision in *Freeport-McMoran, Inc. v. KN Energy, Inc.*, 498 U.S. 426 (1991), held that OTM and Biggs were not indispensable parties at the time the suit was filed and, therefore, the addition of them to the action would not destroy complete diversity. Roberson filed his amended complaint the following day.

On February 20, 2017, McDonald filed the present motion, appealing Judge Percy's decision under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 72(a)(1) of the Local Uniform Civil Rules. It argues that Roberson should not have been permitted to amend his complaint and that Judge Percy erred on multiple grounds in his order granting the motion to amend.

A district judge's review of an order issued by a magistrate judge is governed by Rule 72 of the Federal Rules of Civil Procedure. Regarding non-dispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). Moreover, "[i]n reviewing such an order, the district court must find that the magistrate judge's order is 'clearly erroneous or contrary to law.' Absent such a finding, an order by the magistrate judge should be upheld." *Brinston v. Dunn*, 919 F.Supp. 240, 242 (S.D. Miss. 1996).

As mentioned above, Judge Percy relied heavily on *Freeport-McMoRan* in making his ruling, specifically stating:

> In *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991), the district court allowed the substitution of a non-diverse plaintiff and, after a bench trial, held in favor of the plaintiffs. The court of appeals held that although complete diversity was present when the complaint was filed, the addition of the non-diverse plaintiff destroyed jurisdiction, and as such the court of appeals reversed and directed that the suit be dismissed for want of jurisdiction. *Freeport-McMoRan, Inc.*, 498 U.S. at 428. On review, the Supreme Court noted the "well-established rule that diversity of citizenship is assessed at the time the action is filed" and that "such jurisdiction may not be divested by subsequent events." *Id*. Noting further that the added non-diverse plaintiff "was not an 'indispensable' party at the time the complaint was filed," the Supreme Court reversed the judgment of the court of appeals. *Id.* at 428-29.
>
> With respect to the rule that jurisdiction is assessed at the time an action is filed, the Fifth Circuit has interpreted the *Freeport-McMoRan* decision as acknowledging an exception to the rule where the added non-diverse party "was an indispensable party at the time the action was filed." *Whalen v. Carter*, 954 F.2d 1087, 1096 (5th Cir. 1992) (emphasis in original). Under *Freeport-McMoran*, an indispensable party's citizenship "is an appropriate factor in the 'complete diversity' calculus even though the [party] was added as a party after the action was filed." Whalen, 954 F.2d at 1096. "In other words, the Court in *Freeport McMoRan* concluded that the addition of a nondiverse party does not defeat diversity jurisdiction unless the party was indispensable at the time the plaintiff filed its complaint." *Id.*

Applying this authority to the case at hand, Judge Percy held that "[t]he court is not convinced that either [OTM] or Biggs are indispensable parties." Therefore, Roberson was permitted to amend his complaint to add them as defendants.

In the present motion, McDonald asserts four specific arguments of error: (1) that Judge Percy erred in applying Rule 19(b); (2) that the burden was erroneously placed on it, rather than Roberson, to establish that OTM and Biggs are indispensable parties; (3) that Judge Percy interpreted *Freeport-McMoran* too broadly; and (4) that granting the motion to amend is contrary to the principles of judicial economy. The Court will address each of these arguments in turn.

4

The Court will first consider McDonald's assertion that Judge Percy erred by applying Rule 19(b). On this point, McDonald states that Roberson moved to amend his complaint under Rule 15(a)(2) and that his motion should have been decided under Rule 15 rather than Rule 19(b). Specifically, McDonald argues that "the Magistrate chose to introduce and analyze [Roberson's] [m]otion under Rule 19 and corresponding authorities that, when read in the context presented by the Magistrate, tend to support [Roberson's] [m]otion." He also avers that Judge Percy "abandoned his neural [sic] and detached role by setting forth the arguments and authorities, seemingly on [Roberson's] behalf[.]"

Frankly, McDonald has not provided sufficient authority to convince the Court that the magistrate's decision to apply Rule 19(b) was erroneous. McDonald cited only one case, *DeGruy v. Wade*, 586 F. App'x 652 (5th Cir. 2014). However, *Degruy* is easily distinguishable, as it concerned the interplay between Rule 15(a) and Rule 59(e). *Id.* at 654.

Additionally, McDonald argues that Judge Percy erred by "setting forth the arguments and authorities" which tended to favor Roberson. However, the Fifth Circuit has previously recognized that "[b]ringing a case *pro se* is challenging . . . [and the courts] traditionally extend leniency to *pro se* litigants[.]" *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015). Thus, the Court finds that even if Judge Percy did extend leniency toward Roberson—a *pro se* party, he would not have erred in doing so.

Finally, the Court notes that McDonald argues for the application of Rule 15(a) instead of Rule 19(b). Rule 15(a)(2), though, provides extensive leniency toward plaintiffs seeking to amend their complaint, specifically stating that "a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when*

*justice so requires*." FED. R. CIV. P. 15(a)(2) (emphasis added). Thus, the Rule 15 standard would have provided Judge Percy the ability to freely grant leave to amend.

For these reasons, the Court finds that McDonald's first argument against Judge Percy's decision is without merit.

McDonald next argues that the burden to show that OTM and Biggs are indispensable was wrongfully placed upon it, rather than Roberson—the moving party. To support its argument, McDonald cites Judge Percy's order, wherein he stated that "[t]he court is not convinced that either [OTM] or Biggs are indispensable parties *and the defendant has not provided the court with sufficient law or fact to find otherwise*." (emphasis added). It is upon this sentence which McDonald relies for his argument.

The Court, however, finds that the burden was not placed upon McDonald. It appears that McDonald has read this one sentence in a vacuum instead of in the context of the entire order. In this Court's view, Judge Percy was simply emphasizing that McDonald failed to provide any authority to support its position—not completely shifting the burden of proof.

The last paragraph of the order states that "Plaintiff asserts that when Calvin Hill works as a bus driver for [OUT], he is under the direct control of Ron Biggs and [McDonald]. According to plaintiff, Hill is acting as an employee of Biggs and McDonald pursuant to Mississippi labor law. While the court is not fully convinced that such is the case, it does conclude that for purposes of amending the complaint, [Biggs] and [OUT] were not indispensable parties at the time suit was filed." Thus, in reaching his conclusion, Judge Percy looked to and emphasized Roberson's arguments. While he did note that McDonald failed to cite any authority to rebut those assertions—or address the Supreme Court's *Freeport-McMoran* decision, that statement alone did not result, in this Court's view, in the burden being erroneously

6

shifted to McDonald. Rather, it seems as though Judge Percy was simply highlighting McDonald's failure to provide sufficient authority to support its position. This does not strike the Court as a shift of the burden of proof. McDonald's second argument is rejected.

McDonald next argues that Judge Percy's interpretation of *Freeport-McMoRan* was overly broad and incorrect. In its motion, McDonald contends that "[t]he *Freeport* Court was faced with a proposed substitution under Federal Rule of Civil Procedure 25; not joinder under Rule 19. . . However, it has been consistently held the *Freeport* holding is extremely narrow, and several courts have suggested that it is limited to additions under Rule 25."

In *Freeport-McMoran*, the Supreme Court explicitly held that "diversity of citizenship is assessed at the time the action is filed. We have consistently held that if jurisdiction exists at the time an action is commenced, *such jurisdiction may not be divested by subsequent events*." 498 U.S. at 428 (citations omitted) (emphasis added); *see also Wichita Railroad & Light Co. v. Public Util. Comm'n of Kansas*, 260 U.S. 48, 54, 43 S.Ct. 51, 67 L.Ed. 124 (1922) ("Jurisdiction once acquired . . . is not divested by a subsequent change in the citizenship of the parties. Much less is such jurisdiction defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties.") (internal citations omitted). While *Freeport-McMoran* was based upon Rule 25 joinder—not Rule 19, the principles announced therein appear to nevertheless be applicable to the case at hand. Relying on this decision, the Fifth Circuit held that "the Court [in *Freeport-McMoran*] concluded that the addition of a nondiverse party does not defeat diversity jurisdiction unless the party was indispensable at the time the plaintiff filed its complaint." *Whalen v. Carter*, 954 F.2d 1087, 1095 (5th Cir. 1992). The Court finds that this analysis is applicable to the case at bar.

Consequently, if OTM and Biggs were not indispensable parties at the time the action was filed, diversity jurisdiction is not destroyed by their joinder.

"Under Federal Rule of Civil Procedure 19(b), a party is regarded as 'indispensable' if a court cannot proceed without the party 'in equity and good conscience.'" *Id.* (citing FED. R. CIV. P. 19(b)). Rule 19(b) provides four factors to be considered in the determination of whether a party is indispensable: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. FED. R. CIV. P. 19(b). The Fifth Circuit has made clear that "[t]hese factors are not rigid tests, but rather are guides to the overaching 'equity and good conscience' determination. Pragmatic and equitable considerations control the Rule 19(b) analysis." *Whalen*, 954 F.2d at 1096 (citations omitted).

Mississippi law provides that "[u]nder the doctrine of respondeat superior, the employer and employee are jointly and severally liable for injury caused by the employee's negligence. The practical implication of joint and several liability is that a plaintiff in a respondeat superior action may sue *either the employer or the employee, or both. Sykes v. Home Health Care Affiliates, Inc.*, 125 So.3d 107, 109 (Miss. Ct. App. 2013) (citations omitted) (emphasis added). Moreover, "American Jurisprudence states the general rule as to necessary parties: 'The right of an injured party to sue the employer is not a direct or primary right because the claim is distinct and separate from the claim against the employee; therefore, the employee is not a necessary

8

party to an action against an employer.'" *Id.* (quoting Am.Jur.2d *Employment Relationship* § 400 (2004)).

Thus, it appears clear to this Court that Roberson had a choice when he initially filed suit—he could sue Hill, Hill's employer, or both. He chose the second option, naming McDonald as the sole defendant in this cause. Now, he seeks to add Biggs, who was Hill's supervisor, and OTM—a subsidiary of McDonald. In the Court's view, Roberson had the right under Mississippi law to initially sue only McDonald. Moreover, he remains within his rights to now add Biggs and OTM, who are allegedly vicariously liable for Hill's actions. The Court finds Judge Percy's ruling that Biggs and OTM were not indispensable parties to be accurate. Along with the fact that Roberson could sue the employer *or* employee under Mississippi law, the Rule 19(b) factors listed above do not weigh in favor of OTM and Biggs being classified as indispensable parties, especially since a judgment could properly be entered in this cause without the presence of Biggs or OTM. Therefore, McDonald's argument is rejected.

Lastly, McDonald avers that allowing Roberson to amend his complaint "is contrary to the principles of judicial economy." McDonald emphasizes that Roberson has filed an action against Calvin Hill in Lafayette County Circuit Court, "alleging the same cause of action and same set of facts as he alleges in this case." Further, it argues that "[t]he Magistrate's Order allowing Plaintiff to add OTM in this action goes against the established principles of judicial economy due to the existence of Plaintiff's parallel state court action against OTM's employee."

However, extensive precedent permitting this type of litigation exists. In 1922, the United States Supreme Court held that "[t]he rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." *Kline v. Burke Const. Co.*,

260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226 (1922). The Fifth Circuit has recognized this principle, holding that "nothing in Article III prevents a state court from litigating the same controversy pending before a district court." *Marine Shale Processors, Inc. v. U.S. Envtl. Prot. Agency*, 81 F.3d 1371, 1377 (5th Cir. 1996) (citing *Kline*, 260 U.S. at 230). The Fifth Circuit has also held that where there are parallel proceedings in state and federal court, and "both suits are in personam, . . . each court may proceed to adjudicate the controversy independently despite the pendency of a similar suit in the other court[.]" *PPG Indus., Inc. v. Cont'l Oil. Co.*, 478 F.2d 674, 677 (5th Cir. 1973).

Therefore, despite the fact that duplicative litigation is not extremely efficient, it is not prohibited. McDonald's argument is rejected.

Relying on this analysis, the Court finds that McDonald's motion is not well-taken. Accordingly, it is hereby ORDERED that the *Objection and Motion to Appeal Magistrate Judge's Decision* [31] is DENIED.

SO ORDERED, this the 20th day of June, 2017.

                                        **/s/ MICHAEL P. MILLS**
                                        **UNITED STATES DISTRICT JUDGE**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**