IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CARROL D. ROBERSON                                                                        PLAINTIFF

v.                                                                     Civil Action No.: 3:16-cv-00162-MPM-RP

McDONALD TRANSIT ASSOCIATES, INC.                                              DEFENDANT

**ORDER**

Now before the Court is defendant McDonald Transit Associates, Inc.'s ("McDonald") *Motion for Partial Summary Judgment* [40]. In response, Plaintiff Carrol D. Roberson ("Roberson"), who is proceeding *pro se* in this cause, filed a *Motion to Strike* [43], in which he contends that McDonald's motion should be stricken as untimely.[1] The Court has reviewed these submissions, in conjunction with relevant evidence and authorities, and is now prepared to rule.

**Factual and Procedural Background**

The Oxford University Transit System ("OUT") operates multiple shuttle buses that travel throughout Oxford, Mississippi, providing transportation services to the public. Roberson, a student at the University of Mississippi, frequently rides the OUT buses. McDonald is under contract with the City of Oxford and the University of Mississippi to provide management and oversight of OUT. This action is based upon two separate events involving Roberson and the OUT system.

---

[1] Roberson also filed a separate motion to strike defendant Ron Biggs' motion to dismiss. In that filing, Roberson also made substantive arguments as to why McDonald's motion presently before the Court should be denied. The Court will construe that filing as Roberson's response to McDonald's motion for partial summary judgment. *See Owens v. Secretary of Army*, 354 F. App'x 156, 158 (5th Cir. 2009) ("[W]e liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel[.]"

The first alleged incident occurred on July 30, 2013. Roberson alleges that while he was attempting to board an OUT bus, the bus driver—Calvin Hill ("Hill")—"slammed the bus doors against [him] seizing him between the doors and then quickly opened the doors causing [him] to fall upon the steps[.]" Roberson alleges that he "suffered spinal trauma, cuts, and bruises." Roberson states that prior to this incident, he had submitted several complaints to Ron Biggs—the Vice President of McDonald and Hill's supervisor—concerning traffic violations that Hill had committed. On July 28, 2014, Roberson filed his complaint in this Court against McDonald, alleging that it was liable for the negligence of Hill.

Despite the pendency of that suit, Roberson continued to utilize the OUT system and alleges that on March 26, 2015, he "was riding as a passenger aboard an OUT bus . . . when he was tripped and kicked several times by an intoxicated passenger who then got off the bus and ran away." Roberson avers that he again suffered spinal trauma, cuts, and bruises, and was required to undergo two spinal surgeries as a result of the July 30, 2013 incident combined with the March 26, 2015 incident.

On June 2, 2016, Roberson filed a motion to voluntarily dismiss without prejudice his initial lawsuit pending in this Court. Senior Judge Biggers, the presiding judge in that case, granted Roberson's request, and the suit was dismissed without prejudice. Shortly thereafter, on July 20, 2016, Roberson filed the present action, in which he sets forth largely the same facts concerning the July 2013 incident but added allegations concerning the March 2015 incident. In his complaint, he asserts that McDonald is vicariously responsible for both incidents and requests judgment in the amount of $200,000, together with interests and costs.[2]

---

[2] Because Roberson is a Mississippi citizen and McDonald is a Texas corporation with its principal place of business in Texas, diversity jurisdiction is proper in this Court.

On February 15, 2017, Roberson filed an amended complaint, adding Ron Biggs and Oxford Transit Management, Inc. ("OTM") as defendants. As alleged by Roberson, Biggs served as a corporate executive for OTM, which is a subsidiary of McDonald and was directly responsible for oversight of OUT. Thus, Roberson now contends that Biggs, OTM, and McDonald should be held liable for his injuries.

In addition to the action pending in this Court, Roberson also filed a complaint in the County Court for the Third Judicial District of Lafayette County on July 25, 2016—just days after he filed the present action in this Court. In the state court action, Roberson named only Calvin Hill—the bus driver who allegedly caused his injuries—as a defendant. Additionally, Roberson's complaint in that action was based upon only the "first event" described above—that is, the incident involving Hill allegedly slamming the bus doors on him and causing him to fall. That action proceeded to trial, and a jury ultimately returned a verdict in favor of Hill, finding that he was not negligent and awarding Roberson no damages.

In the present motion, McDonald asserts that Roberson is precluded from re-litigating the "first event" in this action under the doctrine of res judicata. In response, Roberson filed a motion to strike, averring that the motion should be stricken as untimely since it was filed after the deadline for dispositive motions set forth in the Court's case management order. For the reasons set forth below, the Court finds that McDonald's motion is well-taken and that summary judgment should be partially granted. Additionally, it finds that Roberson's motion to strike should be denied.

**Summary Judgment Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

3

56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

**Discussion**

As set forth above, McDonald avers that the doctrine of res judicata bars Roberson from re-litigating in this Court his negligence claim against Hill as it pertains to the "first event" alleged in the complaint. The Fifth Circuit has provided that "[t]o determine the preclusive effect of a state court judgment in a federal action, 'federal courts must apply the law of the state from which the judgment emerged.'" *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (quoting *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1096-97 (5th Cir. 1995)). Consequently, the Court will apply Mississippi res judicata principles in order to determine whether Roberson is precluded from litigating his claim in the present action.

Under Mississippi law, "[t]he doctrine of res judicata bars parties from litigating claims 'within the scope of the judgment' in a prior action." *Hill v. Carroll Cty.*, 17 So.3d 1081, 1084 (Miss. 2009) (quoting *Anderson v. LaVere*, 895 So.2d 828, 832 (Miss. 2004)). The doctrine is one of public policy "designed to avoid the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Id.* (quoting *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So.2d 224, 232 (Miss. 2005)).

"[T]he doctrine of res judicata requires four identities to be present before it applies: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Id.* (citing *Harrison*, 891 So.2d at 232). "If these four identities are present, the parties will be prevented from relitigating all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit." *Anderson*, 895 So.2d at 832 (citing *Pray v. Hewitt*, 179 So.2d 842, 844 (Miss. 1965)) (additional citation omitted).

The Mississippi Supreme Court has referred to the first identity—the subject matter of the action—as "identity in the thing sued for" or "the substance of the lawsuit." *Hill*, 17 So.3d at 1085 (citations omitted). The subject matter presented by Roberson in the present action and the state court action is the same. Both suits pertain to Roberson's alleged incidents with the OUT system—specifically, Hill allegedly closing the bus doors on him. The first identity is satisfied.

The second identity requires the plaintiff's cause of action in both actions to be the same. The Mississippi Supreme Court has defined "cause of action" as "the underlying facts and circumstances upon which a claim has been brought." *Id.* (citing *Black v. City of Tupelo*, 853

5

So.2d 1221, 1225 (Miss. 2003)). This requirement is also satisfied here. In both suits, Roberson alleges that Hill's negligence in closing the door on him caused his injuries. In fact, the language contained within his state court complaint is nearly identical to the allegations regarding the "first event" in his amended complaint in this Court. This requirement is satisfied.

Next, there must be identity of the parties. However, "[t]o satisfy the identity of parties element, strict identity of the parties is not necessary. A non-party defendant can assert res judicata so long as it is in 'privity' with a named defendant." *Id.* (quoting *Harrison*, 891 So.2d at 236). In this context, "privity" is a "broad concept, which requires us to look to the surrounding circumstances to determine whether claim preclusion is justified." *Little v. V & G Welding Supply, Inc.*, 704 So.2d 1336, 1339 (Miss. 1997). In the Court's view, this requirement is also satisfied. In the state court action, Roberson named Hill as the sole defendant. He named McDonald, OTM, and Biggs, as defendants in this action. Hill is employed by OUT, which has a contractual relationship with both McDonald and OTM; moreover, Hill is one of Biggs' subordinates. Thus, the defendants in this action have a clear connection with Hill—the sole defendant in the state court action. Taking into account the surrounding circumstances of the case, the Court finds that this requirement is satisfied, despite the absence of strict identity.

Finally, there must be identity of the quality and character of a person against whom the claim is made. Frankly, Mississippi law does not provide a clear explanation of this requirement. *See Hill*, 17 So.3d at 1087 ("[T]his Court has not explicitly defined the identity of the quality or character of a person against whom the claim is made[.]"). In practice, this requirement is often conflated with the third requirement. *See, e.g., City of Tupelo*, 853 So.2d at 1225 (specifically stating that four identities must be satisfied but treating the fourth identity as a coextensive part of the third identity); *Taylor v. Taylor*, 835 So.2d 60, 65 (Miss. 2003) (noting four identities but

6

discussing only identity of the parties and cause of action).[3] Roberson's present action is essentially against the company responsible for supervising his employer and his direct superior. The Court finds that this is sufficient to satisfy this requirement.

Relying on this analysis, the Court finds that each of the four required identities is satisfied. "Under the Mississippi law of res judicata, once the four identities are established, any claims that could have been brought in the prior action are barred." *N. Panola Sch. Dist.*, 461 F.3d at 592 (citing *Anderson*, 895 So.2d at 832-33). The only distinction between Roberson's claims in the present action and his state court action is that he now claims that the defendants named in this action are vicariously liable for Hill's conduct. However, his allegations regarding Hill's conduct have not changed. Thus, to succeed in the present action, Roberson would be required to prove the same facts that he attempted to prove in the state court action. This type of re-litigation should not be permitted and, in the Court's view, is exactly the type of litigation that the doctrine of res judicata seeks to prevent. Roberson was given a full and fair opportunity in state court to prove that Hill was negligent. Unfortunately for him, his attempt to persuade a jury was unsuccessful. However, he should not now be permitted to re-litigate the same facts simply because he named different defendants. Therefore, the Court finds that he is barred from re-litigating his negligence claims against Hill arising from the "first event." Summary judgment will be granted on that point.

---

[3] *See* Miller, Campbell, Jackson, *Encyclopedia of Mississippi Law*, § 14:4 ("Curiously, the court's decisions stress only two of these criteria—the identity of the parties and the identity of the cause of action (claim)—as necessary. The other two identities—subject matter and the quality or character of the person against whom the claim is made—have either not been considered or are discussed in relation to the identity of the claim or identity of the parties respectively. The court always finds that whether there is an identity of claim, there is an identity of subject matter, and generally, where there is an identity of parties in consecutive litigation, there is an identity of the quality or character of the person against whom the claim is made.").

The Court additionally notes that Roberson filed a motion to strike the present motion. In his motion to strike, Roberson argues that McDonald's motion should be stricken since it was filed after the May 16, 2017 deadline for dispositive motions set forth in the Court's case management order. The Court recognizes that McDonald's motion was filed past the deadline. While it typically does not look favorably on a party's failure to comply with its deadlines, the Court notes that the circumstances of this case justify McDonald's late filing. The state court issued an order of dismissal in accordance with the jury verdict on May 24, 2017, which was after this Court's deadline for dispositive motions in this case. Thus, McDonald could not possibly have made its res judicata argument prior to this Court's deadline. Although McDonald did not file a motion for leave to file the present motion, the Court notes that McDonald has raised important issues—specifically, efficiency and preventing the waste of judicial resources, and it will therefore look past McDonald's failure to request leave. For the reasons set forth above, the Court will grant McDonald's motion for partial summary judgment and deny Roberson's motion to strike.

## Conclusion

It is hereby ORDERED that McDonald's *Motion for Partial Summary Judgment* [40] is GRANTED, and Roberson's *Motion to Strike* [43] is DENIED.

SO ORDERED, this the 28th day of July, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**