IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CARROL D. ROBERSON                                                            PLAINTIFF

v.                                           Civil Action No.: 3:16-cv-00162-MPM-RP

McDONALD TRANSIT ASSOCIATES, INC.,
OXFORD TRANSIT MANAGEMENT, INC., AND
RONALD BIGGS                                            DEFENDANTS

**ORDER**

Now before the Court is defendant Ronald Biggs's ("Biggs") *Motion to Dismiss for Failure to State a Claim & for Partial Summary Judgment* [38]. In response, Plaintiff Carrol D. Roberson ("Roberson"), who is proceeding *pro se* in this cause, filed a *Motion to Strike* [42], in which he contends that Biggs's motion should be stricken as it incorporates by reference a motion for summary judgment by McDonald Transit Associates, Inc. ("McDonald"), that the Plaintiff views as untimely. The Court has reviewed these submissions, in conjunction with relevant evidence and authorities, and is now prepared to rule.

**Factual and Procedural Background**

The Oxford University Transit System ("OUT") operates multiple shuttle buses that travel throughout Oxford, Mississippi, providing transportation services to the public. Roberson, a student at the University of Mississippi, frequently rides the OUT buses. McDonald is under contract with the City of Oxford and the University of Mississippi to provide management and oversight of OUT. This action is based upon two separate events involving Roberson and the OUT system.

The first alleged incident occurred on July 30, 2013. Roberson alleges that while he was attempting to board an OUT bus, the bus driver—Calvin Hill ("Hill")—"slammed the bus doors

1

against [him] seizing him between the doors and then quickly opened the doors causing [him] to fall upon the steps[.]" Roberson alleges that he "suffered spinal trauma, cuts, and bruises." Roberson states that prior to this incident, he had submitted several complaints to Ron Biggs—the Vice President of McDonald and Hill's supervisor—concerning traffic violations that Hill had committed. On July 28, 2014, Roberson filed his complaint in this Court against McDonald, alleging that it was liable for the negligence of Hill.

Despite the pendency of that suit, Roberson continued to utilize the OUT system and alleges that on March 26, 2015, he "was riding as a passenger aboard an OUT bus . . . when he was tripped and kicked several times by an intoxicated passenger who then got off the bus and ran away." Roberson avers that he again suffered spinal trauma, cuts, and bruises, and was required to undergo two spinal surgeries as a result of the July 30, 2013 incident combined with the March 26, 2015 incident.

On June 2, 2016, Roberson filed a motion to voluntarily dismiss without prejudice his initial lawsuit pending in this Court. Senior Judge Biggers, the presiding judge in that case, granted Roberson's request, and the suit was dismissed without prejudice. Shortly thereafter, on July 20, 2016, Roberson filed the present action, in which he sets forth largely the same facts concerning the July 2013 incident but added allegations concerning the March 2015 incident. In his complaint, he asserts that McDonald is vicariously responsible for both incidents and requests judgment in the amount of $200,000, together with interests and costs.

On February 15, 2017, Roberson filed his *Amended Complaint* , adding Ron Biggs and Oxford Transit Management, Inc. ("OTM") as defendants. As alleged by Roberson, Biggs served as a corporate executive for OTM, which is a subsidiary of McDonald and was directly

responsible for oversight of OUT. Thus, Roberson now contends that Biggs, OTM, and McDonald should be held liable for his injuries.

In addition to the action pending in this Court, Roberson also filed a complaint in the County Court for the Third Judicial District of Lafayette County on July 25, 2016—just days after he filed the present action in this Court. In the state court action, Roberson named only Calvin Hill—the bus driver who allegedly caused his injuries—as a defendant. Additionally, Roberson's complaint in that action was based upon only the "first event" described above—that is, the incident involving Hill allegedly slamming the bus doors on him and causing him to fall. That action proceeded to trial, and a jury ultimately returned a verdict in favor of Hill, finding that he was not negligent and awarding Roberson no damages.

Prior to the instant motion, Defendant McDonald filed a *Motion for Partial Summary Judgment*, asserting that Roberson is precluded from re-litigating the "first event" in this action under the doctrine of res judicata. In response, Roberson filed a *Motion to Strike*, arguing that McDonald's motion should be stricken as untimely since it was filed after the deadline for dispositive motions set forth in the Court's case management order. This Court granted McDonald's *Motion for Partial Summary Judgment*, holding that the doctrine of res judicata prevents the re-litigation of the "first event."

Biggs's present motion before the Court shares many similarities to McDonald's previously granted motion, and actually incorporates by reference that motion in its argument for partial summary judgment on the "first event." In addition, the second portion of Biggs's motion begs the Court to dismiss the Plaintiff's claims against Defendant Biggs on the "second event." For the reasons set forth below, the Court finds that Biggs's motion for partial summary judgment is well-taken and that summary judgment should be granted. However, the Court

finds that the motion to dismiss for failure to state a claim regarding the "second event" should be denied. Additionally, it finds that Plaintiff Roberson's motion to strike should be denied.

**Summary Judgment Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

**Discussion**

Returning to the present motion, Biggs argues that the doctrine of res judicata bars Roberson from re-litigating in this Court his negligence claim against Hill as it pertains to the "first event" alleged in the complaint. The Fifth Circuit has provided that "[t]o determine the preclusive effect of a state court judgment in a federal action, 'federal courts must apply the law

of the state from which the judgment emerged.'" *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (quoting *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1096-97 (5th Cir. 1995)). Consequently, the Court will apply Mississippi res judicata principles in order to determine whether Roberson is precluded from litigating his claim in the present action.

Under Mississippi law, "[t]he doctrine of res judicata bars parties from litigating claims 'within the scope of the judgment' in a prior action." *Hill v. Carroll Cty.*, 17 So.3d 1081, 1084 (Miss. 2009) (quoting *Anderson v. LaVere*, 895 So.2d 828, 832 (Miss. 2004)). The doctrine is one of public policy "designed to avoid the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Id.* (quoting *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So.2d 224, 232 (Miss. 2005)).

"[T]he doctrine of res judicata requires four identities to be present before it applies: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Id.* (citing *Harrison*, 891 So.2d at 232). "If these four identities are present, the parties will be prevented from relitigating all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit." *Anderson*, 895 So.2d at 832 (citing *Pray v. Hewitt*, 179 So.2d 842, 844 (Miss. 1965)) (additional citation omitted).

The Mississippi Supreme Court has referred to the first identity—the subject matter of the action—as "identity in the thing sued for" or "the substance of the lawsuit." *Hill*, 17 So.3d at 1085 (citations omitted). The subject matter presented by Roberson in the present action and the

state court action is the same. Both suits pertain to Roberson's alleged incidents with the OUT system—specifically, Hill allegedly closing the bus doors on him. The first identity is satisfied.

The second identity requires the plaintiff's cause of action in both actions to be the same. The Mississippi Supreme Court has defined "cause of action" as "the underlying facts and circumstances upon which a claim has been brought." *Id.* (citing *Black v. City of Tupelo*, 853 So.2d 1221, 1225 (Miss. 2003)). This requirement is also satisfied here. In both suits, Roberson alleges that Hill's negligence in closing the door on him caused his injuries. In fact, the language contained within his state court complaint is nearly identical to the allegations regarding the "first event" in his amended complaint in this Court. This requirement is satisfied.

Next, there must be identity of the parties. However, "[t]o satisfy the identity of parties element, strict identity of the parties is not necessary. A non-party defendant can assert res judicata so long as it is in 'privity' with a named defendant." *Id.* (quoting *Harrison*, 891 So.2d at 236). In this context, "privity" is a "broad concept, which requires us to look to the surrounding circumstances to determine whether claim preclusion is justified." *Little v. V & G Welding Supply, Inc.*, 704 So.2d 1336, 1339 (Miss. 1997). In the Court's view, this requirement is also satisfied. In the state court action, Roberson named Hill as the sole defendant. He named McDonald, OTM, and Biggs, as defendants in this action. Hill is employed by OUT, which has a contractual relationship with both McDonald and OTM; moreover, Hill is one of Biggs' subordinates. Thus, the defendants in this action have a clear connection with Hill—the sole defendant in the state court action. Taking into account the surrounding circumstances of the case, the Court finds that this requirement is satisfied, despite the absence of strict identity.

Finally, there must be identity of the quality and character of a person against whom the claim is made. Frankly, Mississippi law does not provide a clear explanation of this requirement.

6

*See Hill*, 17 So.3d at 1087 ("[T]his Court has not explicitly defined the identity of the quality or character of a person against whom the claim is made[.]"). In practice, this requirement is often conflated with the third requirement. *See, e.g., City of Tupelo*, 853 So.2d at 1225 (specifically stating that four identities must be satisfied but treating the fourth identity as a coextensive part of the third identity); *Taylor v. Taylor*, 835 So.2d 60, 65 (Miss. 2003) (noting four identities but discussing only identity of the parties and cause of action). Roberson's present action is essentially against the company responsible for supervising Hill's employer and Hill's direct superior. The Court finds that this is sufficient to satisfy this requirement.

Relying on this analysis, the Court finds that each of the four required identities is satisfied regarding the "first event" on July 30, 2014. "Under the Mississippi law of res judicata, once the four identities are established, any claims that could have been brought in the prior action are barred." *N. Panola Sch. Dist.*, 461 F.3d at 592 (citing *Anderson*, 895 So.2d at 832-33). The only distinction between Roberson's claims in the present action and his state court action is that he now claims that the defendants named in this action are vicariously liable for Hill's conduct. However, his allegations regarding Hill's conduct have not changed. Thus, to succeed in the present action, Roberson would be required to prove the same facts that he attempted to prove in the state court action. This type of re-litigation should not be permitted and, in the Court's view, is exactly the type of litigation that the doctrine of res judicata seeks to prevent. Roberson was given a full and fair opportunity in state court to prove that Hill was negligent. Unfortunately for him, his attempt to persuade a jury was unsuccessful. However, he should not now be permitted to re-litigate the same facts simply because he named different defendants. Therefore, the Court finds that he is barred from re-litigating his negligence claims against Hill arising from the "first event." Summary judgment will be granted on that point.

## Rule 12(b)(6) Standard

Before the Court can grant a motion to dismiss, Defendant must show that Plaintiff has not met the relevant pleading standard to state a claim. Defendant must show that Plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* 663. Plaintiff's complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir.2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

This Court has previously recognized that "the purpose of a Rule 12(b)(6) motion [is] to test the formal sufficiency of the statement for relief; it is not a procedure to be invoked to resolve a contest about the facts or the merits of a case." *Edwards v. Coldwell Banker Real Estate Corp.*, 2006 WL 2404718, *1 (N.D. Miss. Aug. 18, 2006) (citing *Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976)). "When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint." *Gatheright v. Barbour*, 2017 WL 507603, *3 (N.D. Miss. Feb. 6, 2017) (citing *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216-17 (5th Cir. 2014) (per curiam)) (additional citation omitted). The Court must liberally construe the complaint in the light most favorable to Plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir.2005).

The Court must now determine "whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (additional citations omitted). Therefore, the Court "must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff." *Lewis*, 2017 WL 111332, at *1 (citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009)). It must also be noted, that motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc.*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)).

**Discussion of 12(b)(6) Motion**

As this Court recognizes that all facts must be construed in the favor of the Plaintiff when determining the potential dismissal of the claims, the Court looks to the facts presented by the Plaintiff in his *Amended Complaint*. First, the Plaintiff alleges that "Biggs was the corporate executive for McDonald responsible for the management and oversight of O.U.T." as well as the "corporate executive for Oxford Transit Management." Plaintiff also states that OTM was a "subsidiary" of McDonald, and that Defendant Biggs was "responsible for the hiring and termination of drivers." The Plaintiff also claims that each of the Defendants "breached their duty and legal obligation" during the second event occurring on March 26, 2015. Further, Roberson alleges that "as a direct and proximate result of the gross negligence acts or omissions" of all Defendants in this case, Roberson is "entitled to recover all damages allowed by law."

As it is not the practice of this Court to determine the "merits of a case" when deciding a Rule 12(b)(6) motion to dismiss, this Court looks instead to plausibility of sufficiently argued facts in the Plaintiff's *Amended Complaint*. The Plaintiff in this case is a *pro se* litigant, and this Court will "liberally construe briefs of pro se litigants and apply less stringent standards to

parties proceeding *pro se* than to parties represented by counsel[.]" *Owens v. Secretary of Army*, 354 F. App'x 156, 158 (5th Cir. 2009). While the Court recognizes that the *Amended Complaint* of Roberson is somewhat lacking on the amount of facts and legal arguments presented, the Court feels that the facts presented by the Plaintiff regarding the "second event" are sufficient enough that a reasonable jury could find plausibility in the claim of employer vicarious liability regarding the second event which took place on March 26, 2015.

**Motion to Strike**

The Court additionally notes that Roberson filed a motion to strike the present motion. In his motion to strike, Roberson argues that Biggs's motion should be stricken since it relies on and incorporates McDonald's motion which was filed after the May 16, 2017 deadline for dispositive motions set forth in the Court's case management order. The Court recognized in its previous *Order* that, although McDonald's motion was filed past the deadline, important issues regarding res judicata were asserted which could not have been properly asserted before the Court's deadline due to the pending state court case. In addition, the Plaintiff asserts that Biggs's instant motion is "ambiguous and confusing," but the Court did not find it to be so. For the reasons set forth above, the Court will deny Roberson's motion to strike.

**Conclusion**

It is hereby ORDERED that Biggs's *Motion to Dismiss for Failure to State a Claim and for Partial Summary Judgment* [38] is GRANTED in part and DENIED in part, and Roberson's *Motion to Strike* [42] is DENIED.

SO ORDERED, this the 9th day of August, 2017.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI