# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

CARROL D. ROBERSON                                                                    PLAINTIFF

v.                                                Civil Action No.: 3:16-cv-00162-MPM-RP

MCDONALD TRANSIT ASSOCIATES, INC.;
OXFORD TRANSIT MANAGEMENT,
INC.; & RONALD BIGGS                                                 DEFENDANTS

## ORDER

This matter comes before the Court on Plaintiff Roberson's *Motion for a Separate Trial* [49] on the counterclaim filed by Defendant/counter Plaintiff Oxford Transit Management, Inc. within its answer to the Plaintiff's *Amended Complaint* [30]. Defendant, Oxford Transit Management ("OTM"), has subsequently filed a *Response* [51] in opposition to Plaintiff's motion. This Court has considered the submissions of the parties, along with relevant case law and evidence, and is now prepared to rule.

### Procedural History

In Roberson's *Amended Complaint*, filed on February 14, 2017, OTM was first named a Defendant to this suit. The sole defendant prior to the *Amended Complaint*, McDonald Transit Associates, Inc., appealed the Magistrate's Order granting Roberson leave to amend his initial complaint. On June 20, 2017, this Court denied Defendant McDonald's *Motion to Appeal* the Magistrate's decision. The Summons and *Amended Complaint* were then served on OTM on June 22, 2017, and OTM subsequently filed its *Answer to Amended Complaint* and *Counterclaim* on June 26, 2017.

OTM's *Counterclaim* alleges that the conduct of Roberson "rises to the level of public nuisance based upon his harassing conduct as a passenger on the Oxford University Transit

System bus" [46, page 7]. OTM states in its counterclaim that Roberson has "harass[ed] the driver" of an OTM bus on at least one occasion, and has made it difficult for at least one driver to perform his work duties.

**Standard**

A counterclaim is compulsory if "at the time of […] service," the pleading party has a claim that (1) "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," and (2) "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). In addition to compulsory counterclaims, Rule 13(b) provides for permissive counterclaims, providing that "[a] pleading may state as a counterclaim against an opposing party any claim that is not compulsory." Fed R. Civ. P. 13(b).

The Federal Rules of Civil Procedure allow Courts the discretion to sever counterclaims from original claims and order separate trials. Rule 42(b) of the Federal Rules of Civil Procedure states:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one of more separate issues, claims, crossclaims, counterclaims, or third-party claims.

FED. R. CIV. P. 42(b).

These Rules collectively provide the Court broad discretion on whether to join or sever claims and counterclaims, depending on the individual circumstances in each case. The Court may order a separate trial of a counter claim "[f]or convenience, to avoid prejudice, or to expedite and economize […]." Fed. R. Civ. P. 42(b). "The question is usually addressed to the sound discretion of the court." *Lusk v. Pennzoil United, Inc*., 56 F.R.D. 645, 647 (N.D. Miss. 1972). "[T]he issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc*., 987 F.2d 298, 305 (5th

Cir. 1993). This limitation is marked by the recognition that it is inherent in each party's Seventh Amendment right to have one jury decide common issues of fact. *Id*. (citing *State of Ala. v. Blue Bird Body Co.,* 573 F.2d 309, 318 (5th Cir. 1978)).

**Discussion**

In the present *Motion for a Separate Trial*, Roberson requests that this Court sever the counterclaim by OTM from the original claim by ordering a separate trial for OTM's counterclaim. In the Motion, Roberson asserts Rule 42(b) of the Federal Rules of Civil Procedure, which allows the Court, at its discretion, to order a separate trial for counterclaims. However, the Plaintiff lacks an argument for *why* the Court should separate the trials of the claims and counterclaims, or what prejudice resolving the two claims in one trial would place on the Plaintiff. In addition, this Court does not accept or agree with the Plaintiff's inference that a separation of the claims for the purpose of trial would expedite or economize the judicial process.

Plaintiff also asserts "there [are] no common elements" between his claim for gross negligence and OTM's claim for public nuisance. While there are different legal factors and elements to apply for claims of negligence and nuisance, both claims appear to arise out of the same operative facts. In fact, OTM asserts in its *Response*, that video surveillance footage of "Event/Incident No. 2" will be used as evidence of Roberson's conduct that allegedly rises to the level of public nuisance. Event/Incident No. 2 is the same event in which Roberson claims OTM acted negligently. To litigate the same set of facts twice would burden the court and would certainly not expedite the judicial process.

With regard to the *Motion for a Separate Trial* [49] at hand, this Court finds that the counterclaim and claim should not be severed into separate trials, as the counterclaim is

appropriate to be tried in the same trial as the original claims, since it arises from the same set of facts and involves the same parties. This Court does not foresee that a separate trial would be more "convenien(t)", "expedite" the judicial process, or expressly "prejudice" any party involved.

      Accordingly, it is hereby ORDERED that the Plaintiff's *Motion for a Separate Trial* is DENIED.

      SO ORDERED, this the 9th day of August, 2017.

      **/s/ MICHAEL P. MILLS**
      **UNITED STATES DISTRICT JUDGE**
      **NORTHERN DISTRICT OF MISSISSIPPI**