IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CARROL D. ROBERSON**                                                                **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 3:16-cv-00162-MPM-RP**

**MCDONALD TRANSIT ASSOCIATES, INC.;**
**OXFORD TRANSIT MANAGEMENT,**
**INC.; & RONALD BIGGS**                                                  **DEFENDANTS**

**ORDER**

This matter comes before the Court on Defendants McDonald Transit Authority, Inc., Oxford Transit Management, Inc., and Ronald Biggs' *Motion for Summary Judgment* [56] and Plaintiff Roberson's *Response*. This Court has considered the submissions of the parties, along with relevant case law and evidence, and is now prepared to rule.

**Factual and Procedural History**

The Oxford University Transit System ("OUT") operates multiple shuttle buses that travel throughout Oxford, Mississippi, providing transportation services to the public. McDonald Transit Associates, Inc. is under contract with the City of Oxford and the University of Mississippi to provide management and oversight of OUT. Plaintiff Roberson is a frequent rider of the OUT bus system, and the event at issue occurred while Roberson was aboard an OUT bus on March 26, 2015.

While he "was riding as a passenger aboard an OUT bus," Plaintiff "was tripped and kicked several times by an intoxicated passenger who then got off the bus and ran away." The offender was subsequently apprehended and convicted of public intoxication and assault. Roberson avers that he suffered spinal trauma, cuts, and bruises, and was required to undergo two spinal surgeries as a result of the incident.

In his Amended Complaint, Plaintiff asserts that the Defendants are vicariously liable for the injuries cause by the incident, and that Defendants' failure to act was gross negligence. Roberson claims that the Defendants "each and collectively" owed a legal duty to him, that the Defendants breached their duty, and that he suffered damages as a direct and proximate result of the "negligence acts or omissions" of the Defendants [Docket #30, Page 7].

**Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, the Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075. In addition, as the Plaintiff in this cause is a pro se litigant, this Court will "liberally construe briefs of [the Plaintiff] and apply less stringent standards to parties

proceeding pro se than to parties represented by counsel[.]" Owens v. Secretary of Army, 354 F. App'x 156, 158 (5th Cir. 2009).

## Discussion

Returning to the motion at hand, Defendants argue that Roberson has not met the elements for gross negligence, as claimed by the Plaintiff in his Amended Complaint. As this cause involves diversity jurisdiction, Mississippi substantive law will be applied. Under Mississippi law, gross negligence is defined as "the intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another." *Doe v. Salvation Army*, 835 So. 2d 76, 77 (Miss. Jan. 23, 2003). In order for a plaintiff to prevail on a negligence claim, he must "establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation and injury." *Miss. Dep't of Mental Health v. Hall,* 936 So. 2d 917, 922 (Miss. Aug. 24, 2006) (*citing Miss. Dep't of Transp. v. Cargile*, 847 So.2d 258, 262 (Miss. 2003)). In order to prevail on summary judgment, the Defendants must demonstrate that there are no disputed material facts, and, as such, that the Plaintiff could not meet the following elements of gross negligence: that the Plaintiff was owed a duty by the Defendants; that the duty owed to the Plaintiff was intentionally breached; that an injury to the Plaintiff resulted from that breach; and, finally, that a causal relationship exists between the breach of duty and the injuries sustained.

The Defendants first argue that the Plaintiff cannot prove that any of the Defendants breached a duty of care owed to the Plaintiff. In order to support the assertion that the driver did not act negligently, Defense counsel points towards the surveillance footage of the incident on the bus as proof that "the bus driver took all the actions he could reasonably undertake to remedy the situation." The second argument of the Defendants is that the Plaintiff cannot prove that the

acts of any of the Defendants proximately caused his injuries. For this argument, Defendants assert that the incident was not foreseeable to any of the Defendants. They do not, however, address whether the incident could have been foreseeable to the bus driver. The third argument presented by the Defendants in their motion for summary judgment is that the Plaintiff cannot demonstrate a course of conduct amounting to negligence, much less gross negligence.

Plaintiff Roberson responded to these arguments by claiming that the surveillance footage is not complete, and is only clips of the total footage of what occurred that day. For the reasons set forth below, the Court finds that genuine issues of material fact still remain, and that the Defendants have failed to meet their burden as movants.

In his Affidavit, Defendant Biggs testifies that the "surveillance footage" of the March 26, 2015, incident depicts the "complete series of events witnessed in the video." That "surveillance footage" consists of three separate clips which have previously been entered into the record. The Court finds that the parties do not agree on when, specifically, the incident in question began. For the Plaintiff, the incident began with the intoxicated male harassing two women on the bus, and then subsequently being asked to move to the back of the bus by the bus driver. However, the surveillance footage presented by the Defendants, to which Biggs has testified represents "the complete series of events," does not begin until the intoxicated male is already walking towards the back of the bus. That difference demonstrates a genuine dispute as to a material fact. If multiple passengers complained of the intoxicated man as the Plaintiff claims, then it could be determined by a reasonable jury that the driver knew or should have known of the foreseeable danger of having the intoxicated man on the bus.

Further, it appears to the Court that the surveillance footage is not actually complete. The first of the clips ("Clip #1") shows six other individuals – aside from the Plaintiff, bus driver, and

intoxicated male—on the bus. The second clip ("Clip #2"), however, only shows five other individuals. It appears to the Court that there is a missing segment of the surveillance footage, occurring between Clip #1 and Clip #2, which would presumably at least show the sixth individual leaving the bus. As such, the Court sees no practical way that the footage presented is the "complete series of events." Assuming the bus stopped to let that sixth passenger off the bus, it is possible that a jury could find that the OUT bus was not "moving when the incident occurred," as the Defendants have alleged.

Even in the footage actually presented in the video clips, there is a genuine dispute as to whether the driver did take "all of the actions he could reasonably undertake." In Clip #1, the Plaintiff can be heard loudly asking the intoxicated man to stop putting his hands on the Plaintiff. In response, the bus driver asks the intoxicated man to move back a few seats, to which the intoxicated man does not comply. In Clip #2, the Plaintiff can be heard telling the bus driver that the intoxicated man "was threatening [him]" and calling him "white boy." Plaintiff also loudly asks the intoxicated man to "let [him] off the bus" when the intoxicated man is blocking the aisle of the bus while the bus is stopped. Whether the bus driver could have done more to prevent the assault or if the bus driver could have foreseen the assault is a question for a jury.

Accordingly, it is hereby ORDERED that the Defendants' *Motion for Summary Judgment* [56] is DENIED.

SO ORDERED, this the 15th day of September, 2017.

                                               /s/ MICHAEL P. MILLS
                                               UNITED STATES DISTRICT JUDGE
                                               NORTHERN DISTRICT OF MISSISSIPPI