# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

CARROL D. ROBERSON                                                                                    PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:16CV162-MPM-RP

MCDONALD TRANSIT ASSOCIATES, INC., et al.                                              DEFENDANTS

## ORDER LIMITING TESTIMONY OF PLAINTIFF'S WITNESSES

Defendants have objected to any witness that plaintiff will attempt to call as an expert witness at trial asserting that plaintiff has failed to properly designate any expert witnesses. Docket 64. Defendants raised their objection to doctors Michael Muhlbauer, James Walker and Thomas L. Windham at the final pretrial conference. The undersigned directed the parties to file information supporting their respective positions. The parties have done so, and the court is prepared to rule.

Defendant's are concerned with the labeling of these three treating physicians as experts because plaintiff failed to comply with the rules for the disclosure of witnesses and the designation of experts in accordance with Federal Rule of Civil Procedure 26 and Local Uniform Civil Rule 26. In his response (Docket 65), plaintiff concedes that Drs. Walker and Windham are fact witnesses, but provides the Initial Disclosure that identified Dr. Muhlbauer as a witness and the nature of his proposed testimony.

FED. R. CIV. P. 26(a)(1)(A) dictates that:

a party must, without awaiting a discovery request, provide to the other parties:
(i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses . . .;

> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support is claims or defenses . . . .

These disclosures must be made within 14 days after the parties' Rule 26(f) conference pursuant to FED.R.CIV.P. 26(a)(1)(C) and the party must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . ." as required by FED.R.CIV.P. 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED.R.CIV.P. 37(c). The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 U.S. Dist. LEXIS 98798, at *38 (N.D.Miss. Sept. 30, 2009); citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007).

In addition to initial disclosures, FED. R. CIV. P. 26(a)(2) requires a party to disclose the identity of any expert witness it may use at trial and provide a written, signed report. Local Uniform Civil Rule 26(a)(2) requires that

> [a] party must make full and complete [expert] disclosure as required by Fed.R.Civ.P. 26(a)(2) and L.U.CIV.R. 26(a)(2)(D) no alter than the time specified in the case management order. Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial. . . .
>     (D) A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but who are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under FED.R.EVID. 207, 203 or 205, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

A treating physician not designated as an expert, but properly identified as a witness, may testify as a treating physician, but his/her testimony is limited to those facts and opinions contained in the plaintiff's medical records. *Doss v. NPC Int'l*, 2010 U.S. Dist. LEXIS 85583 (N.D.Miss. July 20, 2010)(limiting testimony of treating physician because designation of physician as expert failed to comply with requirements of L.U.CIV.R. 26); citing Duke *v. Lowe's Home Centers*, 2007 U.S. Dist. LEXIS 80415 (N.D. Miss. Oct. 19, 2007)("concluding that without expert report, treating physician's testimony was 'limited to those facts and opinions contained in [the] medical records'").

In the instant case, defendants do not dispute that they were aware of the treatment received by plaintiff from the three physicians at issue: Dr. Michael Muhlbauer, Dr. James Walker and Dr. Thomas L. Windham. During the pendency of this litigation or prior related litigation, in which plaintiff complained of – among other things – the injury that is the subject of this litigation, plaintiff has produced to defendant his treatment records from these three physicians. Because plaintiff intends to call Drs. Walker and Windham only as fact witnesses and they have properly been identified as witnesses with knowledge of plaintiff's physical condition, the issue of their testimony is moot.

The undersigned has reviewed the plaintiff's Initial Disclosure containing the designation of Dr. Muhlbauer and concludes that it sufficiently put defendants on notice that plaintiff intended to call him as an expert witness. This Initial Disclosure was made by the plaintiff to counsel for the defendants in the prior related case of *Carrol D. Roberson v. McDonald Transit Associates, Inc., et al.*, Cause No. 3:14-cv-168, in which the plaintiff complained of – among other things – the injury that is the subject of this litigation. Defendants cannot claim any unfair

3

surprise as plaintiff indicated that Dr. Muhlbauer would "give testimony on the history of Roberson's spinal and lumbar problems, spinal blocks, and two recent surgeries. Also, Dr. Muhlbauer will elaborate on the fragile condition of Roberson's spinal and lumbar region and probability that certain injuries created a medical condition necessitating surgery." Docket 65, Exhibit 1, p. 6. Given that plaintiff is pro se and is given more leniency than a represented party, defendants' objection to plaintiff's designation of Dr. Muhlbauer as an expert witness is OVERRULED. Dr. Muhlbauer will remain on the Final Pretrial Order as an expert witness, and defendants objection will be stricken. The designations of Drs. Walker and Windham will be changed to fact witnesses.

**SO ORDERED,** this the 20th day of September, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE